IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| AZURE NETWORKS, LLC and TRI-COUNTY EXCELSIOR FOUNDATION, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| ALEREON, INC., NXP B.V., NXP SEMICONDUCTORS USA, INC., REALTEK SEMICONDUCTOR CORPORATION, WIONICS TECHNOLOGIES, INC., RENESAS ELECTRONICS CORPORATION, RENESAS ELECTRONICS AMERICA INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, and SYNOPSYS, INC., | § § § § § § § § § § § § § | Civil Action No. 6:10-CV-686 |
| | § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | § | |

<u>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>

This is an action for patent infringement in which Plaintiffs Azure Networks, LLC ("Azure") and Tri-County Excelsior Foundation ("TCEF") complain against Defendants Alereon, Inc. ("Alereon"); NXP B.V. and NXP Semiconductors USA, Inc. (collectively "NXP"); Realtek Semiconductor Corporation and Wionics Technologies, Inc. (collectively "Realtek"); Renesas Electronics Corporation and Renesas Electronics America Inc. (collectively "Renesas"); Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC (collectively "Samsung"); and Synopsys, Inc. ("Synopsys"), as follows:

1

## PARTIES

1.      Plaintiff Azure is a Texas limited liability company having its principal place of business in Longview, Texas.

2.      Plaintiff TCEF is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to Casa of Harrison County, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Marshall, Texas.

3.      On information and belief, Defendant Alereon is a Delaware corporation having its principal place of business in Austin, Texas.

4.      On information and belief, Defendant NXP B.V. is a Dutch closed corporation having its principal place of business in Eindhoven, The Netherlands.

5.      On information and belief, Defendant NXP Semiconductors USA, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

6.      On information and belief, Defendant NXP Semiconductors USA, Inc. is a subsidiary of Defendant NXP B.V.

7.      On information and belief, Defendant Realtek Semiconductor Corporation is a Taiwanese corporation having its principal place of business in Hsinchu City, Taiwan, P.R.C.

8.      On information and belief, Defendant Wionics Technologies, Inc. is a California corporation having its principal place of business in Irvine, California.

9.      On information and belief, Defendant Wionics Technologies, Inc. is an indirect subsidiary of Defendant Realtek Semiconductor Corporation.

10.     On information and belief, Defendant Renesas Electronics Corporation is a Japanese corporation having its principal place of business in Tokyo, Japan.

11.     On information and belief, Defendant Renesas Electronics America Inc. is a California corporation having its principal place of business in Santa Clara, California.

12.     On information and belief, Defendant Renesas Electronics America Inc. is a wholly owned subsidiary of Renesas Electronics Corporation.

13.     On information and belief, Defendant Samsung Electronics Co. Ltd. is a Korean stock company having its principal place of business in Seoul, Korea.

14.     On information and belief, Defendant Samsung Electronics America, Inc. is a New York corporation having its principal place of business in Ridgefield Park, New Jersey.

15.     On information and belief, Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of Defendant Samsung Electronics Co. Ltd.

16.     On information and belief, Defendant Samsung Austin Semiconductor, LLC is a Delaware limited liability company having its principal place of business in Austin, Texas.

17.     On information and belief, Defendant Samsung Austin Semiconductor, LLC is a wholly owned subsidiary of Defendant Samsung Electronics Co. Ltd.

18.     On information and belief, Defendant Samsung Austin Semiconductor, LLC is overseen by Defendant Samsung Electronics America, Inc.

19.     On information and belief, Defendant Synopsys, Inc. is a Delaware corporation having its principal place of business in Mountain View, California.

**JURISDICTION AND VENUE**

20.     This action arises under the patent laws of the United States, Title 35 of the United States Code.   Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21.     On information and belief, each Defendant has transacted business in this district and has committed acts of patent infringement in this district.   Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

22.     On information and belief, each Defendant has conducted substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.   Thus, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

**COUNT I**
**DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,218,633**

23.     Plaintiff TCEF is the owner by assignment of United States Patent No. 7,218,633 ("the '633 Patent") entitled "Personal Area Network with Automatic Attachment and Detachment."   The '633 Patent was duly and legally issued on May 15, 2007.   A true and correct copy of the '633 Patent is attached as Exhibit A.

24.     Plaintiff Azure is the exclusive licensee of the '633 Patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '633 Patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and

4

(iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the '633 Patent without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the License to maintain, enforce, or defend the '633 Patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '633 Patent and pursuing and entering into any settlement related to a claim of infringement.

25.    On information and belief, Defendant Alereon has been and now is directly infringing the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Alereon's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB chipsets, including without limitation the Alereon AL5000 Family of Worldwide Wireless USB chipsets, that infringe one or more claims of the '633 Patent, and any other product made, used, offered for sale, and/or sold by Alereon that infringes one or more claims of the '633 Patent.   Alereon is thus liable for direct infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

26.    On information and belief, at least since the filing of this Complaint, Defendant Alereon has been and now is actively inducing infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Alereon's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing outside equipment manufacturers ("OEMs") to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Alereon AL5000 Family of Worldwide Wireless USB chipsets, which

computers and devices Alereon knows or should know infringe one or more claims of the '633 Patent. Alereon is thus liable for inducing infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b).

27. On information and belief, at least since the filing of this Complaint, Defendant Alereon has been and now is contributing to infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Alereon's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Alereon AL5000 Family of Worldwide Wireless USB chipsets, which constitutes a material part of the invention recited in one or more claims of the '633 Patent, knowing the Alereon AL5000 Family of Worldwide Wireless USB chipsets to be especially made or especially adapted for use in an infringement of the '633 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Alereon is thus liable for contributory infringement of the '633 Patent pursuant to 35 U.S.C. § 271(c).

28. On information and belief, Defendant NXP has been and now is directly infringing the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. NXP's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB controllers, including without limitation the NXP ISP3582 Wireless USB controller, that infringe one or more claims of the '633 Patent, and any other product made, used, offered for sale, and/or sold by NXP that infringes one or more claims of the '633 Patent. NXP is thus liable for direct infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

29. On information and belief, at least since the filing of this Complaint, Defendant NXP has been and now is actively inducing infringement of the '633 Patent in the State of Texas,

in this judicial district, and elsewhere in the United States.  NXP's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the NXP ISP3582 Wireless USB controller, which computers and devices NXP knows or should know infringe one or more claims of the '633 Patent.  NXP is thus liable for inducing infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b).

30.     On information and belief, at least since the filing of this Complaint, Defendant NXP has been and now is contributing to infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  NXP's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the NXP ISP3582 Wireless USB controller, which constitutes a material part of the invention recited in one or more claims of the '633 Patent, knowing the NXP ISP3582 Wireless USB controller to be especially made or especially adapted for use in an infringement of the '633 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  NXP is thus liable for contributory infringement of the '633 Patent pursuant to 35 U.S.C. § 271(c).

31.     On information and belief, Defendant Realtek has been and now is directly infringing the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Realtek's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB controllers, including without limitation the Realtek RTU7105 Wireless USB controller, that infringe one or more claims of the '633 Patent, and any other product made, used,

offered for sale, and/or sold by Realtek that infringes one or more claims of the '633 Patent. Realtek is thus liable for direct infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

32.     On information and belief, at least since the filing of this Complaint, Defendant Realtek has been and now is actively inducing infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Realtek's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Realtek RTU7105 Wireless USB controller, which computers and devices Realtek knows or should know infringe one or more claims of the '633 Patent.  Realtek is thus liable for inducing infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b).

33.     On information and belief, at least since the filing of this Complaint, Defendant Realtek has been and now is contributing to infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Realtek's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Realtek RTU7105 Wireless USB controller, which constitutes a material part of the invention recited in one or more claims of the '633 Patent, knowing the Realtek RTU7105 Wireless USB controller to be especially made or especially adapted for use in an infringement of the '633 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Realtek is thus liable for contributory infringement of the '633 Patent pursuant to 35 U.S.C. § 271(c).

34.     On information and belief, Defendant Renesas has been and now is directly infringing the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States.   Renesas's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB controllers, including without limitation the Renesas uPD720171 Wireless USB controller, that infringe one or more claims of the '633 Patent, and any other product made, used, offered for sale, and/or sold by Renesas that infringes one or more claims of the '633 Patent.   Renesas is thus liable for direct infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

35.   On information and belief, at least since the filing of this Complaint, Defendant Renesas has been and now is actively inducing infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Renesas uPD720171 Wireless USB controller, which computers and devices Renesas knows or should know infringe one or more claims of the '633 Patent.   Renesas is thus liable for inducing infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b).

36.   On information and belief, at least since the filing of this Complaint, Defendant Renesas has been and now is contributing to infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Renesas uPD720171 Wireless USB controller, which constitutes a material part of the invention recited in one or more claims of the '633 Patent, knowing the Renesas uPD720171 Wireless USB controller to be especially made or

especially adapted for use in an infringement of the '633 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Renesas is thus liable for contributory infringement of the '633 Patent pursuant to 35 U.S.C. § 271(c).

37.     On information and belief, Defendant Samsung has been and now is directly infringing the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Samsung's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB chipsets, including without limitation the Samsung S3C2680/S5M8311 Wireless USB chipset, that infringe one or more claims of the '633 Patent, and any other product made, used, offered for sale, and/or sold by Samsung that infringes one or more claims of the '633 Patent. Samsung is thus liable for direct infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

38.     On information and belief, at least since the filing of this Complaint, Defendant Samsung has been and now is actively inducing infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Samsung's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Samsung S3C2680/S5M8311 Wireless USB chipset, which computers and devices Samsung knows or should know infringe one or more claims of the '633 Patent. Samsung is thus liable for inducing infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b).

39.     On information and belief, at least since the filing of this Complaint, Defendant Samsung has been and now is contributing to infringement of the '633 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States.  Samsung's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Samsung S3C2680/S5M8311 Wireless USB chipset, which constitutes a material part of the invention recited in one or more claims of the '633 Patent, knowing the Samsung S3C2680/S5M8311 Wireless USB chipset to be especially made or especially adapted for use in an infringement of the '633 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Samsung is thus liable for contributory infringement of the '633 Patent pursuant to 35 U.S.C. § 271(c).

40.     On information and belief, Defendant Synopsys has been and now is directly infringing the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Synopsys's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB device controllers, including without limitation the Synopsys DesignWare Wireless USB Device Controller, that infringe one or more claims of the '633 Patent, and any other product made, used, offered for sale, and/or sold by Synopsys that infringes one or more claims of the '633 Patent.  Synopsys is thus liable for direct infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

41.     On information and belief, at least since the filing of this Complaint, Defendant Synopsys has been and now is actively inducing infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Synopsys's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Synopsys DesignWare

Wireless USB Device Controller, which computers and devices Synopsys knows or should know infringe one or more claims of the '633 Patent.  Synopsys is thus liable for inducing infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b).

42.     On information and belief, at least since the filing of this Complaint, Defendant Synopsys has been and now is contributing to infringement of the '633 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Synopsys's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Synopsys DesignWare Wireless USB Device Controller, which constitutes a material part of the invention recited in one or more claims of the '633 Patent, knowing the Synopsys DesignWare Wireless USB Device Controller to be especially made or especially adapted for use in an infringement of the '633 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Synopsys is thus liable for contributory infringement of the '633 Patent pursuant to 35 U.S.C. § 271(c).

43.     As a result of Defendants' infringement of the '633 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II
## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,386,003

44.     Plaintiff TCEF is the owner by assignment of United States Patent No. 7,386,003 ("the '003 Patent") entitled "Systems and Methods for Communicating in a Personal Area Network."  The '003 Patent was duly and legally issued on June 10, 2008.  A true and correct copy of the '003 Patent is attached as Exhibit B.

45.     Plaintiff Azure is the exclusive licensee of the '003 Patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '003

Patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the '003 Patent without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the License to maintain, enforce, or defend the '003 Patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '003 Patent and pursuing and entering into any settlement related to a claim of infringement.

46.     On information and belief, Defendant Alereon has been and now is directly infringing the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Alereon's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB chipsets, including without limitation the Alereon AL5000 Family of Worldwide Wireless USB chipsets, that infringe one or more claims of the '003 Patent, and any other product made, used, offered for sale, and/or sold by Alereon that infringes one or more claims of the '003 Patent.   Alereon is thus liable for direct infringement of the '003 Patent pursuant to 35 U.S.C. § 271(a).

47.     On information and belief, at least since the filing of this Complaint, Defendant Alereon has been and now is actively inducing infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Alereon's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing outside equipment manufacturers ("OEMs") to make, use, offer for sale, and/or sell

within the United States, and/or import into the United States, computers and devices that implement at least the Alereon AL5000 Family of Worldwide Wireless USB chipsets, which computers and devices Alereon knows or should know infringe one or more claims of the '003 Patent.  Alereon is thus liable for inducing infringement of the '003 Patent pursuant to 35 U.S.C. § 271(b).

48.     On information and belief, at least since the filing of this Complaint, Defendant Alereon has been and now is contributing to infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Alereon's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Alereon AL5000 Family of Worldwide Wireless USB chipsets, which constitutes a material part of the invention recited in one or more claims of the '003 Patent, knowing the Alereon AL5000 Family of Worldwide Wireless USB chipsets to be especially made or especially adapted for use in an infringement of the '003 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Alereon is thus liable for contributory infringement of the '003 Patent pursuant to 35 U.S.C. § 271(c).

49.     On information and belief, Defendant NXP has been and now is directly infringing the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  NXP's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB controllers, including without limitation the NXP ISP3582 Wireless USB controller, that infringe one or more claims of the '003 Patent, and any other product made, used, offered for sale, and/or sold by NXP that infringes one or more claims of the '003 Patent.  NXP is thus liable for direct infringement of the '003 Patent pursuant to 35 U.S.C. § 271(a).

50.     On information and belief, at least since the filing of this Complaint, Defendant NXP has been and now is actively inducing infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  NXP's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the NXP ISP3582 Wireless USB controller, which computers and devices NXP knows or should know infringe one or more claims of the '003 Patent.  NXP is thus liable for inducing infringement of the '003 Patent pursuant to 35 U.S.C. § 271(b).

51.     On information and belief, at least since the filing of this Complaint, Defendant NXP has been and now is contributing to infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  NXP's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the NXP ISP3582 Wireless USB controller, which constitutes a material part of the invention recited in one or more claims of the '003 Patent, knowing the NXP ISP3582 Wireless USB controller to be especially made or especially adapted for use in an infringement of the '003 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  NXP is thus liable for contributory infringement of the '003 Patent pursuant to 35 U.S.C. § 271(c).

52.     On information and belief, Defendant Realtek has been and now is directly infringing the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Realtek's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least

Wireless USB controllers, including without limitation the Realtek RTU7105 Wireless USB controller, that infringe one or more claims of the '003 Patent, and any other product made, used, offered for sale, and/or sold by Realtek that infringes one or more claims of the '003 Patent. Realtek is thus liable for direct infringement of the '003 Patent pursuant to 35 U.S.C. § 271(a).

53.     On information and belief, at least since the filing of this Complaint, Defendant Realtek has been and now is actively inducing infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Realtek's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Realtek RTU7105 Wireless USB controller, which computers and devices Realtek knows or should know infringe one or more claims of the '003 Patent.   Realtek is thus liable for inducing infringement of the '003 Patent pursuant to 35 U.S.C. § 271(b).

54.     On information and belief, at least since the filing of this Complaint, Defendant Realtek has been and now is contributing to infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Realtek's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Realtek RTU7105 Wireless USB controller, which constitutes a material part of the invention recited in one or more claims of the '003 Patent, knowing the Realtek RTU7105 Wireless USB controller to be especially made or especially adapted for use in an infringement of the '003 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.   Realtek is thus liable for contributory infringement of the '003 Patent pursuant to 35 U.S.C. § 271(c).

55.     On information and belief, Defendant Renesas has been and now is directly infringing the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB controllers, including without limitation the Renesas uPD720171 Wireless USB controller, that infringe one or more claims of the '003 Patent, and any other product made, used, offered for sale, and/or sold by Renesas that infringes one or more claims of the '003 Patent.   Renesas is thus liable for direct infringement of the '003 Patent pursuant to 35 U.S.C. § 271(a).

56.     On information and belief, at least since the filing of this Complaint, Defendant Renesas has been and now is actively inducing infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Renesas uPD720171 Wireless USB controller, which computers and devices Renesas knows or should know infringe one or more claims of the '003 Patent.   Renesas is thus liable for inducing infringement of the '003 Patent pursuant to 35 U.S.C. § 271(b).

57.     On information and belief, at least since the filing of this Complaint, Defendant Renesas has been and now is contributing to infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Renesas uPD720171 Wireless USB controller,

which constitutes a material part of the invention recited in one or more claims of the '003 Patent, knowing the Renesas uPD720171 Wireless USB controller to be especially made or especially adapted for use in an infringement of the '003 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Renesas is thus liable for contributory infringement of the '003 Patent pursuant to 35 U.S.C. § 271(c).

58.     On information and belief, Defendant Samsung has been and now is directly infringing the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Samsung's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB chipsets, including without limitation the Samsung S3C2680/S5M8311 Wireless USB chipset, that infringe one or more claims of the '003 Patent, and any other product made, used, offered for sale, and/or sold by Samsung that infringes one or more claims of the '003 Patent.  Samsung is thus liable for direct infringement of the '003 Patent pursuant to 35 U.S.C. § 271(a).

59.     On information and belief, at least since the filing of this Complaint, Defendant Samsung has been and now is actively inducing infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Samsung's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Samsung S3C2680/S5M8311 Wireless USB chipset, which computers and devices Samsung knows or should know infringe one or more claims of the '003 Patent.  Samsung is thus liable for inducing infringement of the '003 Patent pursuant to 35 U.S.C. § 271(b).

60.     On information and belief, at least since the filing of this Complaint, Defendant Samsung has been and now is contributing to infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Samsung's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Samsung S3C2680/S5M8311 Wireless USB chipset, which constitutes a material part of the invention recited in one or more claims of the '003 Patent, knowing the Samsung S3C2680/S5M8311 Wireless USB chipset to be especially made or especially adapted for use in an infringement of the '003 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Samsung is thus liable for contributory infringement of the '003 Patent pursuant to 35 U.S.C. § 271(c).

61.     On information and belief, Defendant Synopsys has been and now is directly infringing the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Synopsys's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wireless USB device controllers, including without limitation the Synopsys DesignWare Wireless USB Device Controller, that infringe one or more claims of the '003 Patent, and any other product made, used, offered for sale, and/or sold by Synopsys that infringes one or more claims of the '003 Patent.  Synopsys is thus liable for direct infringement of the '003 Patent pursuant to 35 U.S.C. § 271(a).

62.     On information and belief, at least since the filing of this Complaint, Defendant Synopsys has been and now is actively inducing infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Synopsys's inducements include, without limitation and with specific intent to encourage the infringement, knowingly

inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Synopsys DesignWare Wireless USB Device Controller, which computers and devices Synopsys knows or should know infringe one or more claims of the '003 Patent.  Synopsys is thus liable for inducing infringement of the '003 Patent pursuant to 35 U.S.C. § 271(b).

63.     On information and belief, at least since the filing of this Complaint, Defendant Synopsys has been and now is contributing to infringement of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Synopsys's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Synopsys DesignWare Wireless USB Device Controller, which constitutes a material part of the invention recited in one or more claims of the '003 Patent, knowing the Synopsys DesignWare Wireless USB Device Controller to be especially made or especially adapted for use in an infringement of the '003 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Synopsys is thus liable for contributory infringement of the '003 Patent pursuant to 35 U.S.C. § 271(c).

64.     As a result of Defendants' infringement of the '003 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter:

A.      A judgment in favor of Plaintiffs that Defendants have directly infringed the '633 Patent;

B.      A judgment in favor of Plaintiffs that Defendants have actively induced infringement of the '633 Patent;

C.      A judgment in favor of Plaintiffs that Defendants have contributed to infringement of the '633 Patent;

D.      A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' direct and indirect infringement of the '633 Patent as provided under 35 U.S.C. § 284;

E.      A judgment in favor of Plaintiffs that Defendants have directly infringed the '003 Patent;

F.      A judgment in favor of Plaintiffs that Defendants have actively induced infringement of the '003 Patent;

G.      A judgment in favor of Plaintiffs that Defendants have contributed to infringement of the '003 Patent;

H.      A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' direct and indirect infringement of the '003 Patent as provided under 35 U.S.C. § 284; and

I.      Any and all other relief to which the Court may deem Plaintiffs entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
J. Wesley Hill
State Bar No. 24032294
wh@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas Bar No. 01150025
mike@wmalaw.com

Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

***Attorneys for Plaintiffs Azure Networks, LLC
and Tri-County Excelsior Foundation***